UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

DAVID RICHARD SR.,

      Plaintiff,

      v.

GOODWILL SOUTHWEST
PENNSYLVANIA,

      Defendant.

CIVIL ACTION NO. 2:23-cv-01193

(SAPORITO, J.)

## MEMORANDUM

This is an employment discrimination and retaliation case. In his third amended complaint, Doc. 60, the plaintiff, David Richard Sr., claims that the defendant, his employer, violated Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.*

The defendant, Goodwill Southwest Pennsylvania, has moved to dismiss the plaintiff's third amended complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 61. Goodwill's motion is fully briefed and ripe for decision. Doc. 62; Doc. 65; Doc. 71.

## I.    FACTUAL BACKGROUND

David Richard has been employed by Goodwill as a custodian since 2008, performing janitorial services at various federal facilities under a contract between Goodwill and the federal government. Richard has been diagnosed with attention deficit hyperactivity disorder and specific reading comprehension deficit. His employer, supervisors, and co-workers were aware of these conditions.

In December 2014, Richard was promoted to a "temporary supervisor" position, which involved additional responsibilities and provided a higher pay rate. While performing in that position, Richard received positive performance reviews and evaluations.

In December 2017, Richard applied for a posted "supervisor" position. He was one of two applicants—himself and Rottley Lewis. On or about December 4, 2017, Richard was informed that he would not be promoted into the posted supervisor position. Instead, he was informed that, because he and Lewis had the similar experience and qualifications, they would both be promoted to a "lead supervisor" position,[1] in which

---

[1] The complaint does not clearly allege as much, but it appears that the "lead supervisor" title represents a hybrid position, combining the

*(continued on next page)*

they would effectively split the supervisor position's pay rate and duties. Richard signed a memorandum agreement accepting the terms of the promotion on December 4, 2017.

Nearly four years later, in late November 2021, Richard learned from David Lee, the project manager, that Lewis had no lead worker or supervisory experience prior to his December 2017 promotion, and that Lewis did not have a disability. Richard complained that he had been treated unfairly because Lee had previously told him that he and Lewis had the same amount of experience and qualifications.

Throughout the month of December 2021, Richard attempted to contact Goodwill's HR department several times by phone, leaving voicemails, and by email. He received no response. Richard filed a formal EEOC charge of discrimination against Goodwill on May 23, 2022, and notice of the charge of discrimination was mailed to Goodwill the next day, May 24, 2022. Richard subsequently filed an amended charge of discrimination on September 27, 2022. As amended, Richard's EEOC charge alleged discriminatory failure-to-promote and retaliation claims

---

duties and title of the posted "supervisor" position with those of the "lead worker" position that Richard had previously held.

under the ADA and the PHRA.

Following an administrative investigation, Richard received a right-to-sue letter from the EEOC dated March 28, 2023. He timely filed his original complaint in this court on June 29, 2023.[2] The currently operative complaint in this case is the plaintiff's third amended complaint, filed on March 16, 2025. Doc. 60.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a

---

[2] To pursue a private civil action under Title VII or the ADA, a plaintiff must file her complaint with the court within ninety days after receipt of the notice of right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1) (Title VII); *id.* § 12117(a) (incorporating enforcement provisions of Title VII into the ADA); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999); *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252–53 (3d Cir. 1986) (per curiam). "The statutorily-created ninety-day period starts when either the claimant or her attorney receives a right-to-sue letter, whichever is earlier." *Seitzinger*, 165 F.3d at 239 n.1 (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 92–93 (1990)). "When the actual date of receipt is known, that date controls; where the actual date of receipt is unknown, courts will presume receipt took place three days after the EEOC mailed it." *Edwards v. Bay State Milling Co.*, 519 Fed. App'x 746, 748 (3d Cir. 2013) (per curiam) (citing *Seitzinger*, 165 F.3d at 239). The third amended complaint alleges that Richard received the right-to-sue notice on March 31, 2023, exactly ninety days before he commenced this action.

motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Phila.*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cnty. of Allegheny*, 568 F. Supp.

2d 579, 588–89 (W.D. Pa. 2008).

## III.  DISCUSSION

The plaintiff's counseled third amended complaint sets out his claims in four counts. It primarily challenges the 2017 employment action in which Goodwill promoted both Richard and Lewis to peer positions as "lead supervisor." Richard appears to contend that he should have been promoted exclusively to that position or to the originally posted "supervisor" position.

Count I asserts a failure-to-promote disability discrimination claim under the ADA and PHRA. Richard alleges that, in December 2017, he was the most qualified applicant for a posted supervisor position, but he was denied the promotion due to his disability. Instead, Richard alleges that he was promoted together with a non-disabled co-worker into a "shared" position, splitting the posted position's duties and corresponding pay increase.

Counts II and III assert parallel retaliation claims under the ADA and the PHRA. Richard alleges that his employer took unspecified adverse employment action against him in retaliation for an unspecified request by Richard for an accommodation of his disabilities.

Count IV asserts a state-law tort claim for fraud or fraudulent inducement. The nature of this claim is not entirely clear, but Richard appears to allege either (a) that his employer misrepresented unspecified facts—perhaps regarding Lewis's experience and qualifications—to induce Richard to sign the December 2017 memorandum agreement accepting his promotion to a "lead supervisor" position, or (b) that that his employer presented him with a falsified or forged copy of the December 2017 memorandum agreement in December 2022 to persuade Richard that he had accepted a different position in 2017 than he later recalled.

The defendant has moved to dismiss the third amended complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The defendant contends that Richard's failure-to-promote claim should be dismissed as time barred, or because Richard has failed to plausibly allege that he was denied a promotion on the basis of disability. Similarly, the defendant contends that Richard's retaliation claims should be dismissed because he has failed to plausibly allege any protected activity, nor any adverse employment action he has suffered because of it. Finally, the defendant contends that Richard's state-law

- 7 -

fraud claim should be dismissed as time barred, or because Richard has failed to plausibly allege—much less allege with the particularity required by Fed. R. Civ. P. 9(b)—any material misrepresentation, any reliance, or any injury caused by his reliance on the alleged misrepresentation.

### A. Failure-to-Promote Claim

In Count I, the plaintiff has asserted a failure-to-promote disability discrimination claim under the ADA and the PHRA.[3] Richard alleges that he applied for a supervisor position in December 2017, but he was denied that promotion and instead promoted along with a non-disabled co-worker into a "shared" lead supervisor position. Although this employment action took place in December 2017, Richard did not file his EEOC discrimination charge until May 2022, more than four years later.

The defendant argues that Richard's failure-to-promote claim is time-barred, coming well more than 300 days after the alleged act of discrimination occurred. *See* 42 U.S.C. § 2000e-5(e)(1) (establishing a 300-day limitation period for Title VII claims); *id.* § 12117(a) (providing

---

[3] We note that "the same legal standard that applies to the ADA applies equally to disability discrimination claims under the PHRA." *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 499 n.3 (3d Cir. 2010).

that Title VII's procedures apply to claims arising under the ADA); *Mercer v. SEPTA*, 608 Fed. App'x 60, 63 (3d Cir. 2015) ("Under the ADA, a plaintiff must file a claim with the EEOC within 300 days of the action complained of in order not to be time-barred on that claim.").

In response, Richard argues that he did not discover the discriminatory nature of the December 2017 adverse employment action until November 2021, when his project manager inadvertently disclosed to him that the non-disabled colleague with whom he was made to share a less desirable promotion had no relevant lead worker or supervisory experience at the time of that 2017 promotion. Richard argues that his discrimination charge was timely filed with the EEOC because it was filed within 300 days after he learned this new information.

But "[i]t is well settled that in employment cases, the date of the discriminatory act, or the challenged employment practice is the date of the injury for purposes of determining the time period for the application of the statute of limitations." *Good v. Fed. Reserve Bank of Cleveland*, No. 05-383, 2007 WL 2955615, at *5 (W.D. Pa. Oct. 9, 2007). As the Third Circuit has recognized, "a claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury

- 9 -

constitutes a legal wrong." *Wastak v. Lehigh Valley Health Network*, 342 F. 3d 281, 287 (3d Cir. 2003) (finding that age discrimination claim accrued when plaintiff knew of his injury—discharge—and cause of that injury—his employer's decision to terminate him—and rejecting argument that it accrued later when he first learned that he had been replaced by a younger worker). "This principle is applied even in cases where the plaintiff alleges that he was denied a promotion." *Good*, 2007 WL 2955615, at \*5. Moreover, more recent precedent indicates that the discovery rule relied upon by the plaintiff is simply inapplicable to the ADA's limitations provision:

> The Third Circuit has explained . . . that no implied discovery rule exists where the applicable statute of limitations explicitly states that the limitations period begins to run when the alleged unlawful act "occurs." In its drafting of . . . the ADA, Congress specified that the limitations period runs from the date on which "the alleged unlawful employment practice *occurred*." This language "implicitly excludes a discovery rule" for the ADA . . . statute[] of limitations.

*Gardner v. SEPTA*, No. 20-6045, 2022 WL 17558720, at \*5 (E.D. Pa. Dec. 9, 2022) (first citing *Rotkiske v. Klemm*, 890 F.3d 422, 425 (3d Cir. 2018) (en banc), then quoting 42 U.S.C. § 2000e-5(e)(1), and then quoting *Rotkiske*, 890 F.3d at 426).

- 10 -

Thus, we conclude that the plaintiff's ADA and PHRA failure-to-promote disability discrimination claim, set forth in Count I of the third amended complaint, should be dismissed as time barred.

### B. Retaliation Claims

In Counts II and III, the plaintiff has asserted parallel retaliation claims under the ADA and the PHRA.[4] Richard alleges that his employer took unspecified adverse employment action against him in retaliation for an unspecified request by Richard for an accommodation of his disabilities.

Judge Hornak previously considered these same claims in this same case, addressing them in the context of a motion to dismiss the plaintiff's first amended complaint and a subsequent motion for reconsideration by the plaintiff. *See Richard v. Goodwill Sw. Pa.*, No. 2:23-cv-01193, 2024 WL 6995569, at *4 (W.D. Pa. Feb. 13, 2024), Doc. 28.

In a bench ruling, Judge Hornak had previously granted the defendant's motion to dismiss the plaintiff's retaliation claims for failure

---

[4] As with disability discrimination claims under the ADA and PHRA, retaliation claims under the ADA and the PHRA are analyzed under the same legal standard. *See Barber v. Subway*, 131 F. Supp. 3d 321, 330 (M.D. Pa. 2015); *Rubano v. Farrell Area Sch. Dist.*, 991 F. Supp. 2d 678, 704 (W.D. Pa. 2014).

to exhaust administrative remedies. On reconsideration, having been presented with additional documentation from the plaintiff's EEOC file, including the amended EEOC charge filed in September 2022, Judge Hornak concluded that Richard had in fact exhausted administrative remedies with respect to any retaliation claims "fairly within" the scope of the investigation resulting from Richard's initial EEOC charge. *See id.* at *2–3. Specifically, Judge Hornak held that Richard had exhausted administrative remedies with respect to the "rather barebones" retaliation allegations in his amended EEOC charge: "Denial of promotional opportunities because of my protected activities constitutes unlawful retaliation." *Id.* at *4.

Having found administrative remedies for these claims exhausted, Judge Hornak then considered whether the first amended complaint had failed to state a claim upon which relief could be granted. Judge Hornak set forth the applicable legal standard:

> A retaliation claim in a federal lawsuit has three elements: (1) protected employee activity, (2) adverse action by the employer either after or contemporaneous with the employee's protected activity, and (3) a causal connection between the employee's protected activity and the employer's adverse action. For employee conduct to constitute protected activity, the employee must hold an objectively reasonable belief, in good

faith, that the activity they oppose via complaints to their employer is unlawful.

*Id.* (quoting other sources) (citations, internal quotation marks, and brackets omitted).

Judge Hornak then considered the allegations of the first amended complaint and concluded that it failed to state a claim upon which relief could be granted. He explained:

Here, the Amended Complaint evidences no indication of protected activity nor any connection between Richard's disabilities and any adverse action. While it appears that Richard complained to his supervisors about not being promoted into the sole lead position, those complaints, based on the allegations set forth in the Amended Complaint, do not address or imply that Richard, at the time when he complained to his supervisors, believed his supervisors (and through them, Defendant) to be violating the law he sues under here. At most, Richard's complaints arise out of a perceived unfairness towards him, but complaints pertaining to unfairness (unconnected to a protected characteristic) do not constitute statutorily protected activity. Further, the Amended Complaint does not advance an adverse action, as Richard was never demoted (he was actually promoted in 2017), and the position he sought to be promoted to was eliminated such that he was never truly denied a promotion because there was no position for him to be promoted to. Finally, even assuming that somewhere among Richard's opaque allegations lies an adverse action, there is no minimal "showing" that Defendant committed an adverse action against Richard because of his disabilities. Therefore, no elements of a

- 13 -

> retaliation claim are met in the Amended Complaint, and though the Court erred in dismissing Richard's retaliation claims with prejudice for failure to exhaust, dismissal, in and of itself, was not error, as Richard's Amended Complaint fails to sufficiently state retaliation claims.

*Id.* Judge Hornak, however, could not conclude as a matter of law that these defects could not be cured in a second amended complaint, so he converted the dismissal of these claims to a dismissal without prejudice and granted Richard leave to file a second amended complaint. *Id.*

Richard did so, and he subsequently filed his third amended complaint, which is the currently operative pleading. The third amended complaint articulates no new allegations regarding any protected activity or any adverse employment action connected to that activity. It alleges, in conclusory fashion, that Richard "sought to have his disabilities accommodated by his employer," and he "engaged in a protected activity in invoking his need for an accommodation." Third Am. Compl. ¶¶ 48, 54, Doc. 60. But the third amended complaint fails to allege any facts whatsoever regarding this unspecified request for accommodation. It similarly alleges, in vague and conclusory fashion, that "[w]hen viewed in its entirety, the actions by Defendant can only be viewed as retaliatory against Plaintiff for his invocation of his rights to reasonable

accommodation under the ADA and the PHRA." *Id.* ¶ 49.[5]

The only statutorily protected activity we are able to discern from the third amended complaint is the filing of Richard's formal charge of discrimination on May 23, 2022. While the third amended complaint alleges that Richard was "demoted" in April 2022, when his project manager informed him that his job title was "team lead" rather than "lead supervisor," a minor change in title such as this, with no change in compensation, benefits, or privileges does not constitute an adverse employment action. *See Harris v. Supervalu Holdings-PA, LLC*, 262 Fed. App'x 470, 472 (3d Cir. 2008) (per curiam) (non-selection for a position that involved a change in title and assignment of additional duties, but no additional compensation, benefits, or privileges was not an adverse

---

[5] In an apparent scrivener's error, the third amended complaint also alleges that "Plaintiff suffered adverse action shortly after invoking his right by being terminated from his position." Third Am. Compl. ¶ 55. But nowhere else in the record is there any reference to the plaintiff being terminated from employment, and the third amended complaint alleges events that occurred in the workplace in 2025, years after Richard filed his discrimination charge with the EEOC. *See Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 942 (S.D. Cal. 2021) ("[T]he court may disregard contradictory allegations."); *Ellen S. v. Fla. Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994) (noting that courts may disregard allegations that are "internally inconsistent" or that "run counter to facts of which the court can take judicial notice.").

employment action); *Langley v. Merck & Co.*, 186 Fed. App'x 258, 260 (3d Cir. 2006) (reassignment involving loss of managerial responsibilities and change in title, office, and reporting relationship but no diminution in pay or benefits was not an adverse employment action). Moreover, the timing of this event is dispositive of any causal link between Richard's EEOC charge and his "demotion" from "lead supervisor" to "lead worker." *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1301 (3d Cir. 1997) (finding no causal connection where adverse employment action *preceded* protected employee activity in a Title VII retaliation case), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).[6]

---

[6] The third amended complaint also alleges, in conclusory fashion, that "in January or 2025, Plaintiff was retaliated against for not working on the weekend to help remove snow because he had his grandchildren." Third Am. Compl. ¶ 36. But declining to work on the weekend is not a statutorily protected activity, and the plaintiff has failed to articulate any adverse employment action whatsoever that resulted from his refusal to work that weekend. Moreover, this incident does not fall "fairly within" the scope of the investigation resulting from Richard's initial EEOC charge, filed nearly three years earlier in May 2022. Thus, we are precluded from considering any retaliation claim arising from this 2025 incident because Richard has failed to exhaust administrative remedies prior to filing suit. *See Kopko v. Lehigh Valley Health Network*, 776 Fed. App'x 768, 773–75 (3d Cir. 2019); *Thomas v. St. Mary Med. Ctr.*, 22 F. Supp. 3d 459, 471–72 (E.D. Pa. 2014).

Thus, we conclude that the plaintiff's ADA and PHRA retaliation claims, set forth in Counts II and III of the third amended complaint, should be dismissed for failure to state a claim upon which relief can be granted.

## C. Leave to Amend

The Third Circuit has instructed that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to pro se plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In light of the procedural history of this case, including Judge Hornak's prior dismissal of all of the plaintiff's claims, and in light of the plaintiff's failure to cure the pleading deficiencies first identified by Judge Hornak despite *multiple* attempts to do so, the plaintiff's discrimination and retaliation claims will be dismissed *without* leave to amend, as any further amendment appears to be futile.

## D. State-Law Fraud Claim

In Count IV, the plaintiff has asserted a state-law tort claim of fraud

or fraudulent inducement against his employer. Where a district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7. Upon consideration of these factors and the record before us, we find nothing to distinguish this from the usual case. Therefore, the remaining state-law tort claim will be dismissed *without prejudice* pursuant to 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss will be granted and the plaintiff's ADA and PHRA discrimination and retaliation claims, set forth in Counts I, II, and III of the third amended complaint,

will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiff's remaining state-law tort claim, set forth in Count IV of the third amended complaint, will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

    An appropriate order follows.

Dated: March 19, 2026          *s/Joseph F. Saporito, Jr.*
                            JOSEPH F. SAPORITO, JR.
                            United States District Judge